■ In the Matter of STERLING T., a Person Alleged to be a Juvenile Delinquent, Appellant. [660 NYS2d 581] —Order of disposition, Family Court, New York County (Judith Sheindlin, J.), entered on or about January 12, 1996, which, following a fact-finding determination that appellant committed acts which, if committed by an adult, would constitute the crime of robbery in the second degree, adjudicated him a juvenile delinquent, and placed him with the Division for Youth for a period of 18 months, with a six month minimum, unanimously affirmed, without costs or disbursements.

On November 2, 1995, the presentment agency timely mailed a notice of intent to introduce identification testimony to an address listed on the business card of appellant's counsel. Unbeknownst to counsel for the presentment agency, appellant's attorney had moved his office on or about October 1, 1995. In fact, appellant's counsel had served a discovery demand which had been received by the presentment agency on October 25, 1995 showing counsel's current address. At the next court appearance, on November 6, 1995, counsel for the presentment agency stated that "she had just mailed out [such notice]", prompting appellant's counsel to respond that he had not received it. Counsel for the presentment agency then stated, "I will certainly be happy to make [counsel] another copy." Rather than pursue the offer, appellant's attorney moved to preclude for untimely service. On the return date of the motion, the court offered to conduct a *Wade* hearing with respect to the show-up identification. Appellant's counsel refused the offer and relied instead on his motion papers. Preclusion was

denied. In such circumstances, the Family Court, in denying the motion, ruled appropriately. Although sent to an address from which appellant's counsel had recently moved, the notice was timely and the presentment agency was prepared to make a copy of the notice of intent available.

The court's findings were based on legally sufficient evidence and were not against the weight of the evidence. There was ample evidence establishing that the incident was a single transaction in which appellant's use of force against the complainant was with the intent of preventing or overcoming her resistance to the taking of her property. (*See, Matter of Juan J.*, 81 NY2d 739.)

Finally, we note that appellant's claim that the fact-findings were repugnant is unpreserved for appellate review, and we decline to reach it. Were we to review the claim, we would find it to be without merit. Nothing in the record indicates that the court found that any of the elements of the lesser included offenses were not established beyond a reasonable doubt. The challenged entry in the court's fact-finding order was an obvious clerical error. Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.